IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES DAVID WHITMAN,**<br>**Plaintiff** | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 1:CV-01-196 |
| | : | |
| **BUCKWALTER CONSTRUCTION INC.,**<br>**Defendant** | : | |

FILED
HARRISBURG, PA
APR 1 2 2001
MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

## MEMORANDUM AND ORDER

Before the Court in the above-captioned matter is Plaintiff's request to proceed <u>in forma pauperis</u> and his motion for appointment of counsel. For the reasons discussed below, Plaintiff's request to proceed <u>in forma pauperis</u> will be denied, and his motion for appointment of counsel will be denied.

**Background**

Plaintiff James David Whitman filed this action against Buckwalter Construction Inc. ("Buckwalter"), on January 30, 2001, alleging violations of Title VII, 42 U.S.C. § 2000e <u>et seq.</u>, and/or the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 <u>et seq.</u>, arising out of Plaintiff's employment with Buckwalter. In his complaint, Plaintiff alleges that he "was unjustly discriminated against by Buckwalter Construction Inc." Complaint at 1. He further alleges that:

> I was made and was paid to be a foreman for the comp. sometime around 1989. I ran at least 4 jobs for them and ran other jobs on a partial basis as a fill in foreman on several occasions. It was only after I had an acute heart attack on July 12, 1992 and had a triple bypass in Harrisburg General on July 15, 1992 that I was perceived in a different light.

Complaint at 2. Plaintiff further alleges that "I was released to return to work Oct. 92 without

restrictions. . . . I lost 54 lbs. in the end 92 to 93. It was only after this that I became expendable." Id. Attached to Plaintiff's complaint is a copy of a Dismissal and Notice of Right to Sue issued by the Equal Employment Opportunity Commission on January 22, 2001. Along with his complaint, Plaintiff filed an affidavit in support of his request to proceed in forma pauperis and a motion for the appointment of counsel.

**Discussion**

A.   Request to Proceed In Forma Pauperis

Plaintiff has requested permission to proceed in forma pauperis in this matter, pursuant to 28 U.S.C. § 1915. The statute provides that:

> Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).

Plaintiff has submitted an affidavit in accordance with the requirements of 28 U.S.C. § 1915(a)(1). In that affidavit, Plaintiff represents that he has not been employed since August 26, 1999, and that he has been losing money ever since his bypass surgery. He represents that he receives $1,546.64 monthly in workmen's compensation benefits. He has retirement savings of $14,677.00, and a checking account in the amount of approximately $1,800.00. Plaintiff also owns a 1997 Taurus, a 1987 pickup truck, a motorcycle, and a house valued at approximately $48,000.00. Plaintiff represents that he supports himself and his wife.

Upon consideration of the affidavit submitted by Plaintiff, the Court finds that Plaintiff has considerably greater financial resources than most litigants who request in forma pauperis

2

status from this Court. Accordingly, the Court finds that payment of the filing fee in this matter ($150.00) and the costs of service of the complaint on the Defendant are within Plaintiff's means, and therefore, the Court will deny Plaintiff's request for in forma pauperis status.

B.      Motion for Appointment of Counsel

Although a plaintiff in a civil case has no constitutional or statutory right to the appointment of counsel, the Court has broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). See Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993), cert. denied, 410 U.S. 1196 (1994); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). However, the Court of Appeals for the Third Circuit has stated that appointment of counsel for a litigant should only be made "upon a showing of special circumstances indicating the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

Plaintiff's extremely brief motion for appointment of counsel does not even attempt to set forth any special circumstances that would justify the appointment of counsel in this case. Based on the face of the complaint, the case appears to present no special circumstances or complexity that would require the appointment of counsel. Therefore, Plaintiff's motion will be denied.

3

**Order**

Accordingly, upon consideration of Plaintiff's request for in forma pauperis status and his motion for appointment of counsel, IT IS ORDERED THAT:

(1) Plaintiff's request to proceed in forma pauperis (Doc. No. 2) is DENIED.

(2) In order to proceed with this lawsuit, Plaintiff is directed to send the full amount of the filing fee ($150.00) to the Clerk of Court on or before April 20, 2001. Upon receipt of the full amount of the filing fee, the Clerk of Court will issue a summons to Plaintiff for service with the complaint on the Defendant. Plaintiff shall be responsible for the costs of service in this matter.

(3) Plaintiff's motion for appointment of counsel (Doc. No. 3) is DENIED.

_____
Yvette Kane
United States District Judge

Dated: April 12, 2001.

4

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

April 12, 2001

Re:  1:01-cv-00196    Whitman v. Buckwalter Construct

True and correct copies of the attached were mailed by the clerk to the following:

James David Whitman
1211 East Lehman Street
Lebanon, PA  17046

```
cc:
Judge                         (✓)         ( ) Pro Se Law Clerk
Magistrate Judge              ( )         ( ) INS
U.S. Marshal                  ( )         ( ) Jury Clerk
Probation                     ( )
U.S. Attorney                 ( )
Atty. for Deft.               ( )
Defendant                     ( )
Warden                        ( )
Bureau of Prisons             ( )
Ct Reporter                   ( )
Ctroom Deputy                 ( )
Orig-Security                 ( )
Federal Public Defender       ( )
Summons Issued                ( ) with N/C attached to complt. and served by:
                                  U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5           ( )
Order to Show Cause           ( ) with Petition attached & mailed certified mail
                                  to:  US Atty Gen ( )    PA Atty Gen ( )
                                       DA of County ( )   Respondents ( )

Bankruptcy Court              ( )
Other_____  ( )
```

MARY E. D'ANDREA, Clerk

DATE:  4-12-01                         BY: _____
                                            Deputy Clerk