IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES D. WHITMAN,<br>Plaintiff | : |
| v. | : CIVIL ACTION NO. 1:CV-01-196 |
| BUCKWALTER CONSTRUCTION,<br>Defendant | : |

FILED
HARRISBURG, PA
MAY 29 2001
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

### MEMORANDUM AND ORDER

Before the Court is Plaintiff's motion to extend time to file a motion for reconsideration of this Court's denial of Plaintiff's motion for appointment of counsel. The motion is ripe for disposition. For reasons discussed below, the motion will be denied.

### I. Background

Plaintiff filed this suit against his former employer alleging violations of Title VII, 42 U.S.C. § 2000e et seq., and the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and filed motions to proceed in forma pauperis and for appointment of counsel on January 30, 2001.

On April 12, 2001, this Court denied Plaintiff's motion for appointment of counsel and pointed Plaintiff to the statutory and case law governing appointment of counsel. The Court's April 12, 2001 Order also denied Plaintiff's motion to proceed in forma pauperis and directed him to pay the filing fee on or before April 20, 2001. Plaintiff paid the filing fee and filed this motion on April 20, 2001.

### II Discussion

The motion filed by Plaintiff requests a "temporary delay on Order filed April 12, 2001"

because Plaintiff needs to "discover the criteria needed to meet or exceed [the Court's] standards on [his] original motion," and states further that he has "tried every plausible avenue to seek out legal representation in this matter" to no avail. Because Plaintiff is appearing pro se, the Court construes this motion liberally. Boag v. MacDougall, 454 U.S. 364, 364 (1982). See also, Todaro v. Bowman, 872 F.2d 43, 44 n.1 (3d Cir. 1989). The motion is liberally construed as one requesting additional time to file a motion for reconsideration of the Court's denial of his motion for appointment of counsel.

Local Rule 7.10 states that "[a]ny motion for reconsideration or reargument shall be filed within ten (10) days after the entry of judgment, order or decree concerned." The Court, in its Order of April 12, 2001, pointed Plaintiff to the legal authority defining the standards for appointment of counsel. Plaintiff was obligated to file his motion for reconsideration, complete with facts and argument in support, within ten days of the Court's Order. Plaintiff has failed to provide a reason for his failure to comply with Local Rule 7.10. Plaintiff's inability, despite his best efforts, to obtain counsel to represent him in this case is not a valid reason for failing to file a timely motion to reconsider this Court's denial of his motion to appoint counsel. Therefore, this Court will not extend the time for him to file a motion to reconsider.

### III. Order

AND NOW, for the reasons discussed above, **IT IS ORDERED THAT**:

Plaintiff's motion extend time to file a motion for reconsideration (Doc. No. 6) is **Denied.**

_____
Yvette Kane
United States District Judge

Dated: May 19th, 2001.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

May 29, 2001

Re:  1:01-cv-00196    Whitman v. Buckwalter Construct

True and correct copies of the attached were mailed by the clerk to the following:

James David Whitman
1211 East Lehman Street
Lebanon, PA  17046

cc:
Judge                          (X)              ( ) Pro Se Law Clerk
Magistrate Judge               ( )              ( ) INS
U.S. Marshal                   ( )              ( ) Jury Clerk
Probation                      ( )
U.S. Attorney                  ( )
Atty. for Deft.                ( )
Defendant                      ( )
Warden                         ( )
Bureau of Prisons              ( )
Ct Reporter                    ( )
Ctroom Deputy                  ( )
Orig-Security                  ( )
Federal Public Defender        ( )
Summons Issued                 ( ) with N/C attached to complt. and served by:
                                   U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5            ( )
Order to Show Cause            ( ) with Petition attached & mailed certified mail
                                   to:  US Atty Gen   ( )   PA Atty Gen ( )
                                        DA of County  ( )   Respondents ( )

Bankruptcy Court               ( )
Other_____   ( )

                                                  MARY E. D'ANDREA, Clerk

DATE: May 29th, 2001                        BY: _____
                                                  Deputy Clerk