IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES DAVID WHITMAN,** | : | |
| Plaintiff | : | |
| | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 1:CV-01-196 |
| | : | |
| | : | (Judge Kane) |
| **BUCKWALTER CONSTRUCTION INC.,** | : | |
| | : | |
| Defendant | : | |

## ORDER

Before the Court are the parties' responses to the December 19, 2002 order to show cause why this action should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m). In Plaintiff's response, he notes that he will send Defendant a copy of the summons and return of service of process by certified mail on January 7, 2003. He also notes that he had previously notified Defendant of his Pennsylvania Human Relations Commission ("PHRC") complaint on June 16, 2000 by first class mail and the someone at the Clerk of Court's office of the Middle District had informed him that was all that was required. His federal complaint was filed in this Court on January 30, 2001. Defendant states in its response that it did not receive a copy of the summons or the complaint until January 10, 2003 and points to several technical problems with Plaintiff's service. Defendant argues that Plaintiff has not shown cause why the action should not be dismissed and requests that this Court dismiss it accordingly.

Good cause for extending the time limit for service can be found only in a fairly narrow range of circumstances. Fed. R. Civ. P. 4(m). The Third Circuit has noted that the legislative history of the time extension clause reveals only one specific circumstance in which an extension

would be proper:  where the defendant has engaged in intentional evasion.  Lovelace v. Acme Markets, Inc., 820 F.2d 81, 84 (3d Cir. 1987) (citing 128 Cong. Rec. H9848, 9852 n. 25 (daily ed. Dec. 15, 1982)).  The Circuit Court has held that dismissal in the absence of good cause is appropriate even where it deprived the plaintiff of his day in court:  "Half-hearted efforts by counsel to effect service of process prior to the deadline do not necessarily excuse a delay, even when dismissal results in the plaintiff's case being time-barred due to the fact that the statute of limitations on the plaintiff's cause of action has run."  Id. (citations omitted); see also Braxton v. Dep't of Health & Human Servs., 817 F.2d 238 (3d Cir.1987).  Reliance upon a third party or on a process server is an insufficient basis to constitute good cause for failure to timely serve, and is also an insufficient basis for granting an extension of time to effect service.  Braxton, 817 F.2d at 242.  Even when delay results from inadvertence of counsel, it need not be excused.  Id.  Further, the Court has cautioned that, "[t]he lesson to the federal plaintiff's lawyer is not to take any chances. Treat the 120 days with the respect reserved for a time bomb."  Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1307 (3d Cir. 1995) (quoting Braxton, 817 F.2d at 24); see also Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565, 568 (3d Cir. 1996) (plaintiff's disregard for what she considered the "technical niceties" of service of process did not constitute good cause).

  Plaintiff's response, even construed liberally,[1] does not demonstrate good cause for his failure to serve Defendant within 120 days as required by Rule 4.  Plaintiff states that he was told by someone in the Clerk of Court's office that mailing his complaint was all that was required, and Defendant was on notice of his complaint when he mailed his PHRC complaint to it.  However, he admits that this was done six months before filing a complaint with the Court.  The rules service

---

[1] Pro se pleadings must be liberally construed.  Estelle v. Gamble, 429 U.S. 97 (1976)

of process rules exist to provide notice. Grand Entertainment Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 486 (3d Cir.1993). Mailing a PHRC complaint to Defendant six months before filing a federal complaint cannot satisfy the notice requirements of Rule 4 for his federal complaint. Furthermore, to the extent that Plaintiff is arguing that he relied upon representations by an individual at the Clerk's office, this is not grounds for good cause. See Lovelace, 820 F.2d at 84-85 (it was inappropriate for plaintiff's counsel to rely upon verbal assurances of the process server where counsel was not in possession of any written proof of service).

    Next, Plaintiff's belated service of his complaint on Defendant does not excuse improper service or provide good cause for failure to timely serve. Although Defendant now has notice of Plaintiff's federal complaint, "notice cannot by itself validate an otherwise defective service." Grand Entertainment Group, 988 F.2d at 492; see also United States v. Mollenhauer Labs, Inc., 267 F.2d 260, 262 (7th Cir. 1959) (a liberal construction of the rules "cannot be used as a substitute for the plain legal requirement as to the manner in which service of process may be had"). Furthermore, Plaintiff's pro se status does not excuse him from complying with the requirements of the Federal Rules of Civil Procedure or in itself constitute good cause for failure to timely serve. See Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir.1994) (pro se litigants must comply with federal rules); Barrett v. City of Allentown, 152 F.R.D. 46, 49 (E.D. Pa.1993) (plaintiffs' pro se status in civil rights action against city did not constitute good cause for failure to serve city within 120 days, especially since court had advised plaintiffs that action would be dismissed if proper service were not made in timely fashion). Accordingly, Plaintiff was required to comply with the service requirements of Rule 4 or show good cause for his failure to do so. Plaintiff has not demonstrated good cause and this Court does not find any factors

warranting extending time under Rule 4(m).

Therefore, **IT IS ORDERED THAT** Plaintiff's complaint is **DISMISSED**. The Clerk of Court shall close the file.

                                                                    s/ Yvette Kane  
                                                                    Yvette Kane  
                                                                    United States District Judge

Date: April 21, 2003